IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

GEORGE W. PERPICH, II, individually,
and derivatively on behalf of
GREAT LAKES MECHANICAL, INC.,

      Plaintiff,

v.

GREAT LAKES MECHANICAL, INC.,
a Michigan corporation,
MECHANICAL PIPING AND PLUMBING INC.,
a Michigan corporation,
MAPLE INDUSTRIAL PARK, L.L.C.,
a Michigan corporation,
FAIRLANE LEASING CORP.,
a Michigan corporation, and
MARK PERPICH, an individual,
jointly and severally,

      Defendants.

Case No.
Hon.

_____/

**Mantese Honigman Rossman
and Williamson, P.C.**
Gerard Mantese (P34424)
gmantese@manteselaw.com
Mark C. Rossman (P65056)
mrossman@manteselaw.com
Attorney for Plaintiffs
1361 E. Big Beaver Road
Troy, MI 48083
(248) 457-9200 (telephone)
(248) 457-9201 (facsimile)

_____/

## PLAINTIFF'S COMPLAINT AND JURY DEMAND

      Plaintiff, by his attorneys, Mantese Honigman Rossman and Williamson, P.C.,

and for his Complaint, states as follows:

## I. OVERVIEW OF CASE

### A. Factual Overview of Claims

1. This is a civil action brought by Plaintiff against Defendants for, *inter alia*, minority shareholder oppression (M.C.L. § 450.1489); common law and statutory breach of fiduciary duty (M.C.L. 450.1541a); common law and statutory usurpation of a corporate opportunity; fraud of various kinds, including fraudulent concealment, constructive fraud, and fraudulent omission; statutory (M.C.L. § 600.2919a) and common law conversion; aiding and abetting breaches of fiduciary duty, fraud, conversion, and other unlawful conduct; unjust enrichment; and other claims.

2. As set forth more fully below, the causes of action consist of derivative claims brought by the Plaintiff on behalf of and in the name of Plaintiff Great Lakes Mechanical, Inc ("GLM") under MCL § 450.1491a, and direct claims by George W. Perpich, II, on behalf of himself as a minority shareholder of GLM.

3. The causes of action arise out of, among other things, the Defendants' oppression of Plaintiff, their breach of various contracts and agreements with Plaintiff, and their misappropriation, through a variety of fraudulent and other unlawful means, of assets, monies, business, and business opportunities, belonging to GLM, Mechanical Piping and Plumbing ("MPP"), and Fairlane Leasing ("FL").

4. GLM, MPP, and FL are presently being managed, operated, and controlled by Defendant Mark Perpich, who has embarked upon a scheme to benefit and enrich himself while damaging GLM and depriving the minority shareholding interest of its rights and entitlements, including Plaintiff's entitlement to employment

with GLM, benefits he earned by working for GLM for more than 30 years, the fair value of the companies and receipt of fair dividends.

5.   GLM is a family business that was once owned evenly by brothers, Plaintiff George Perpich, and Defendant Mark Perpich, and their father, Harold Perpich.

6.   Defendant caused one or more of his other businesses to use company assets to acquire shares of GLM from their father Harold Perpich.

7.   Defendant Mark Perpich engaged in such interested transaction improperly and wrongfully as to Plaintiff.

8.   Defendant Mark Perpich now owns 2/3 of GLM while Plaintiff owns 1/3.

9.   Defendant has abused his control over the company by, among other things, terminating Plaintiff's employment, causing GLM to enter into the damaging, interested transactions with related companies in which he has a larger ownership interest, refusing to provide Plaintiff with accounting records and other information, siphoning moneys and assets out of the company, and refusing to pay Plaintiff moneys owed to him.

10.   Among other things, in recent years, and in order to divert monies away from the minority shareholding interest in GLM and enrich himself, Defendant Mark Perpich has established other businesses and has increased and expanded his control and interest in divisions of preexisting companies that provide services to GLM.

11.   Without disclosure to, or approval or ratification from, any disinterested directors or the minority shareholding interests in GLM, the Defendant Mark Perpich has established businesses outside of and around GLM, as opposed to within GLM, for

2

the purpose of extracting money from the only business in which he must account to a minority shareholder.

12.    These businesses were established and interested transactions were carried out by the Defendant without any disclosure to disinterested directors or the Plaintiff; without any ratification by disinterested directors or the Plaintiff; by fraudulently concealing these material changes in corporate structure and governance; without any due diligence or audits to ensure the arm's length of the transactions and the interested relationships; without the implementation of any mechanisms to ensure continued fairness and arm's length dealings; and without any uninterested representatives negotiating on behalf of GLM.

13.    Indeed, Defendant devised a scheme whereby virtually every service required by GLM to carry out its business functions is provided by a company that Defendant controls.

14.    For example, and among other things, unbeknownst to Plaintiff, one of Defendant's companies purchased the land on which GLM is located.

15.    This company leases the property to GLM  at above market rates, thereby siphoning profit out of GLM although GLM could have purchased the property itself and avoided this unnecessary overhead.

16.    By means of interested transactions, substantial amounts of potential profit are being transferred out of GLM and into the companies controlled by Defendant without approval from (or adequate disclosure to) any disinterested persons associated with GLM and without any disinterested review or audits for fairness of the transactions.

3

17.    In addition to other causes of action and breaches of fiduciary duty, the creation of other businesses, and Defendant's fraudulently obtained increased control of pre-existing businesses, and the subsequent and continued "outsourcing" of services from GLM to these businesses constitute a usurpation of corporate or business opportunities properly belonging to GLM.

18.    Being on both sides of the transactions between GLM and his other businesses, and controlling the charges imposed relative thereto, Defendant has created a virtual monopoly of services and imposed their terms on GLM unilaterally and without competitive bidding or arm's length negotiation.

19.    Defendant Mark Perpich, in conjunction and collusion with his other businesses, has implemented a fraudulent scheme and artifice which has allowed him to enrich himself while causing significant damages to and avoiding financial accountability to the minority shareholding interest in GLM. From this scheme, and as a result of other unlawful conduct, Defendant Mark Perpich and his businesses are liable to GLM and to its minority shareholders.

**B.    Overview Of Plaintiffs' Direct Causes Of Action Against Defendants**

20.    The Plaintiff's direct causes of action against Defendants, brought in his capacity as a former employee of GLM, as a minority shareholder of GLM and as a joint venture partner with Defendant, consist of, *inter alia*, the following:

    a.    The Defendants' violations of the Business Corporations Act, minority shareholder oppression provision, MCL 450.1489, and all related statutory provisions;

    b.    The Defendants' violations of the Business Corporations Act, interested transactions provision, MCL 450.1545a, and all related statutory provisions;

4

c. The Defendants' usurpations of corporate opportunities belonging to GLM;

d. The Defendant's breaches of the fiduciary duties that he owes to Plaintiff as director, officer, and/or majority shareholder of GLM

e. Defendants' fraud of various kinds in connection with the operations of GLM;

f. Defendant's unjust enrichment and conversions of money and other assets.

g. Defendants' breaches of contracts with Plaintiff.

21. Some or all of the conduct and transactions giving rise to these direct causes of action occurred in this district, and venue in the Eastern District of Michigan is therefore proper.

**C. Overview Of Plaintiff's Derivative
Causes Of Action On Behalf Of GLM**

22. The Plaintiff also brings various derivative causes of action, on behalf of GLM, under the Business Corporations Act, 450.1491a, *et. seq.*, against Defendants Mark Perpich, Maple Industrial Park L.L.C., Fairlane Leasing Company, and Mechanical Piping and Plumbing, which consist of, *inter alia*, the following:

a. Mark Perpich's failure to discharge his duties as director and/or officer of GLM, in good faith, with the care an ordinarily prudent person in a like position would exercise under similar circumstances, or in a manner they would reasonably believe to be in the best interests of GLM, in violation of MCL 450.1541a and the common law;

b. Defendant Mark Perpich, and the companies he controls engaged in and/or caused GLM to engage in a pattern of multiple and repeated unfair transactions in which Defendants had a direct interest, usurping various of GLM's corporate opportunities, for the purpose of enriching themselves, to the detriment of GLM, in violation of common law and MCL 450.1545a;

5

    c.      Defendant Mark Perpich and the companies he controls engaged in aiding and abetting each other to misappropriate assets and profits of GLM to their own benefit;

    d.      Defendant Mark Perpich and the companies he controls engaged in various acts of fraud, fraudulent concealment, fraudulent omission, and constructive fraud;

    e.      Defendant Mark Perpich and the companies he controls have unjustly enriched themselves at the expense of GLM; and

    f.      Defendants converted benefits received and retained from GLM.

23.     Pursuant to MCL § 450.1493a, Plaintiffs made written demand on GLM to take suitable action against the Goodman Defendants, and, it is believed that such demand is futile.

24.     Plaintiff was a shareholder at the time of the transactions complained of herein.

25.     This action is not a collusive one to confer jurisdiction that the court would otherwise lack.

26.     Plaintiff believes that demand on the corporation to pursue these claims is futile because the corporation is controlled by one or more of the defendants which have liability pursuant to these claims.

27.     Plaintiff fairly and adequately represents the interests of the shareholders in enforcing the rights of the corporation.

28.     GLM has been damaged by virtue of the Defendant's conduct, and it is entitled to damages and all other remedies afforded under the Michigan Business Corporations Act, including, *inter alia*, under MCL § 450.1101, *et. seq.,* and otherwise.

6

29.   All of the conduct and transactions giving rise to these, and other, derivative causes of action occurred in this district, and venue in the Eastern District of Michigan is therefore proper.

**D.     Defendants, Through Artifice And Nondisclosure, Fraudulently Concealed The Existence Of Plaintiffs' Claims**

30.   Defendant Mark Perpich stands, and at all relevant times has stood, in a fiduciary relationship with respect to Plaintiffs.

31.   As a consequence of such relationship, Defendant has always owed to Plaintiffs strict duties of utmost good faith in the control and management of GLM as to Plaintiffs.

32.   Since Defendant Mark Perpich has controlled GLM at all relevant times, Plaintiffs had no choice but to rely on Mark Perpich to operate GLM in a manner intended to maximize the benefit to all of its shareholders, as the Defendant Mark Perpich's fiduciary duties require.

33.   Defendant's duties include a duty to disclose to GLM and to its disinterested directors all self-interested transactions with GLM.

34.   Yet, Defendants failed to disclose, either to GLM's disinterested directors or to Plaintiff, the fact that Defendants were causing GLM to enter into various interested transactions, without any written documentation describing the terms of such transactions.

35.   In May 2008, Defendant terminated Plaintiff's employment at GLM and has since prevented Plaintiff from accessing any information about GLM's activities.

36.   Defendant has also prevented Plaintiff from accessing any financial information about GLM, and has instructed GLM's accountant to refuse to provide Plaintiff with any information.

37.   Defendants not only failed to disclose material facts to Plaintiffs, as Defendants' fiduciary duties required, but also actively concealed self-interested transactions with GLM.

38.   By doing so, Defendants wrongfully concealed from Plaintiffs the existence of Plaintiff's various causes of action against Defendants.

39.   As a result, Plaintiffs failed to discover the key operative facts that revealed the existence of their various causes of action until shortly before filing their initial Complaint.

40.   Although Plaintiff was reasonably diligent in keeping informed of his investment in GLM, he was unable to discover the causes of action against Defendants as a result of Defendants' nondisclosure and active concealment of those causes of action.

## II.   The Parties

### A.   Shareholding Interests Of The Parties

#### 1.   Plaintiff George Perpich – 33.33 Percent, Minority Shareholder of GLM

41.   Plaintiff George W. Perpich, II is a Florida resident.

42.   As set forth below, Plaintiff herein brings derivative and direct causes of action against Defendants based on his standing as a shareholder of GLM.

**2.    Defendant Mark Perpich –**
**66.66 Percent, Majority Shareholders of GLM**

43.    Defendant Mark Perpich is the majority shareholder, holding and/or controlling 66.66 percent of the remaining stock in the company.

44.    Defendant Mark Perpich is a Michigan resident.

45.    Defendant Mark Perpich is an officer and director of GLM.

46.    Mark Perpich has at all relevant times conducted business between GLM and his other businesses in a conflict of interest.

47.    Through his majority shareholding, his self-appointed position on the board of directors, and a continuing course of non-disclosure and fraudulent concealment, Defendant has exercised dominion over all aspects of GLM business, including, *inter alia*, all business transactions in which GLM is involved or could be involved; the amount of shareholder dividends that are declared; the officer and director compensation (including his own); what services and at what compensation others will provide, as opposed to GLM providing; and all other matters germane to the administration and operations of GLM.

48.    The Defendant has abused his control and power over GLM in a myriad of ways, causing damages to GLM and/or its shareholders by, *inter alia*, the following:

    a.    Causing GLM to enter into unfavorable, interested transactions;

    b.    Failing to disclose and fraudulently concealing various aspects of the business relationships which he has caused GLM to enter into;

    c.    Failing to obtain audits, perform due diligence, and involve disinterested directors and shareholders of GLM in decisions relative to multi-year, multi-million dollar business relationships with interested companies;

    d.     Improperly transferring profits, gains, and monies from GLM to various companies owned by Defendant;

    e.     Intentionally diverting GLM profits and gains to their other companies in order to avoid accounting for such profits and gains to Plaintiff;

    f.     Usurping various corporate opportunities, including usurping from GLM the opportunity to purchase the property upon which the GLM facility stands;

    g.     Causing GLM to enter into unfavorable and interested leases with the company that owns the aforementioned property.

    h.     Causing GLM to wrongfully withhold dividends that should have been paid to the Plaintiff;

    i.     Causing GLM to pay excessively high compensation and perks to Defendant Mark Perpich;

    j.     Failing to disclose material information to, and fraudulently concealing material information from, Plaintiffs regarding, *inter alia*, the nature of GLM interested business dealings; and

    k.     Other wrongful conduct which has caused damages to GLM and/or constitutes wilfully or unfair and oppressive conduct in violation of the Michigan Business Corporations Act, including, *inter alia*, sections 450.1489, 1541a, and 1545a.

49.    By virtue of the conduct described herein, Defendants have caused Plaintiffs to sustain significant damages.

50.    At all times, Defendant has carried out the unlawful conduct complained of herein with fraudulent intent, in bad faith, with willful neglect, and by abusing his discretion.

51.    Throughout the course of the relevant time period, Defendant has failed to comply with his corporate governance obligations and duties of disclosure.

**B.**     **The Related Parties And Their Interested Transactions With GLM**

     **1.**     **Maple Industrial Park L.L.C.**

52.     Defendant Maple Industrial Park is a Michigan domestic limited liability corporation with its registered office and corporate headquarters located at 3800 Maple, Dearborn, Michigan 48126.

53.     Maple Industrial Park is a company, which was formed in February of 2007 for the purpose of purchasing the property surrounding GLM, and the building GLM is housed in, and subsequently leasing the same property to GLM.

54.     Although GLM could have purchased that property itself, Maple Industrial Park, a company wholly owned by Defendant Mark Perpich, purchased it instead.

55.     Defendant then began to lease the property to GLM at a rate of $250,000 per year.

56.     Plaintiff was not informed that Defendant intended to buy the property, nor was he made aware that GLM was entering into a lease with Maple Industrial Park.

57.     Defendant handled the transaction himself and signed the lease between the two companies.

58.     Defendant is currently leasing the property to GLM at a rate that is untenably high.

     **2.**     **Transaction Between Mark Perpich and Harold Perpich**

59.     After Harold Perpich decided he wanted to bring his sons into the family business, Harold Perpich, Defendant Mark Perpich, and George Perpich, owned GLM evenly.

60.     Without notifying Plaintiff, Defendant Mark Perpich convinced Harold Perpich to transfer his entire 1/3 share to Defendant.

61.     It had long been understood that when Harold Perpich retired, his shares would be distributed evenly between his sons.

62.     Defendant convinced Harold Perpich to transfer his shares to Mark Perpich in an undisclosed, interested transaction which involved the use of company assets.

## III.     Jurisdiction And Venue In This Court Is Proper

63.     The amount in controversy exceeds $75,000, exclusive of interest and costs.

64.     Jurisdiction is proper in this Court, pursuant to 28 U.S.C. § 1332(a)(1), because the amount in controversy exceeds $75,000 and the case is between citizens of different states.

65.     Venue is properly laid in this Court, pursuant to 28 USC § 1391(b)(2), because the events giving rise to this claim occurred in the Eastern District of Michigan.

## COUNT I – SHAREHOLDER OPPRESSION, MCL 450.1489

*Brought on behalf of Plaintiff as to Defendants Mark Perpich and the Defendant entities*

66.     Plaintiff realleges and incorporates all allegations set forth herein.

67.     Plaintiff is a minority shareholder in GLM and Defendant is the majority shareholder.

68.     Defendant Mark Perpich and the Defendant entities exerted wrongful control and dominion over GLM, and their conduct, has been illegal, fraudulent, willfully unfair and oppressive to Plaintiff.

69.     Defendants engaged in a continuing course of conduct or a significant action or series of actions, including, among other things, Defendants' conduct described herein which substantially interfered with the interests of Plaintiff as a shareholder.

70.     Specifically, Defendant has breached terminated Plaintiff's employment agreement; terminated Plaintiff's heath insurance and life insurance in breach of their agreement; engaged in interested transactions and usurped corporate opportunities effectively have looting the GLR at Plaintiff's expense; misappropriated corporate funds through perks and bonuses; prevented Plaintiff from accessing accounting records and other company information to which he is entitled; concealing transactions and purchases in which GLM engaged; breaching his fiduciary duties in numerous ways; and engaging in a continuing course of conduct designed to oppress, defraud, abuse, and damage Plaintiff, his shareholding interest, his employment at GLM and the benefits he has earned in his 30-plus years at GLM.

71.     At all times, Defendants' conduct has been wanton, willful, and malicious, and Plaintiffs are therefore entitled to exemplary damages.

72.     Further, in all respects, Defendants have carried out their course of minority shareholder oppression with fraud, in bad faith, with willful neglect, and by abusing their discretion as fiduciaries.

13

**RESERVED AS TO DERIVATIVE CLAIMS PENDING DEMAND:**
<u>**COUNT II – BREACHES OF FIDUCIARY DUTIES**</u>

*Brought derivatively on behalf of GLM and also directly on behalf of the Plaintiff*

73.     Plaintiff realleges and incorporates all allegations as set forth herein.

74.     At all relevant times, Defendant, as officer, director, and/or majority shareholder, owed fiduciary duties to the Plaintiff as a shareholder of GLM.

75.     Defendant also owed fiduciary duties to GLM under, *inter alia*, MCL 450.1541a.

76.     In various capacities, both statutory and at common law, Defendants have owed Plaintiff fiduciary duties of, *inter alia*, good faith, loyalty, fair dealing, honesty, prudence and candor.

77.     Plaintiff reposed trust and confidence in the faithful integrity of Defendant, as officers, directors and/or majority shareholders of GLM, and such was breached by the conduct described herein.

78.     Defendants have breached their fiduciary duties by engaging in, *inter alia*, the following conduct:

      a.     Causing GLM to enter into unfavorable, interested transactions;

      b.     Failing to disclose and fraudulently concealing various aspects of the business relationships which they have caused GLM to enter;

      c.     Causing GLM to pay excessive and usurious amounts of money to interested companies;

      d.     Failing to obtain audits, perform due diligence, and involve disinterested directors and shareholders of GLM in decisions relative to multi-year, multi-million dollar business relationships with interested companies and fellow shareholders;

e.   Improperly transferring profits, gains, and monies from GLM to various Defendant controlled and/or owned entities;

f.   Causing GLM to enter into unfavorable and interested transactions which were unnecessary and/or which could have been performed by GLM;

g.   Intentionally diverting GLM profits and gains to their other companies in order to avoid accounting for such profits and gains to Plaintiff;

h.   Usurping various corporate opportunities, including usurping from GLM;

i.   Causing GLM to wrongfully withhold dividends that should have been paid to the Plaintiff;

j.   Causing GLM to pay excessively high compensation to Defendant; and

k.   Other wrongful conduct which has caused damages to GLM and/or constitutes willfully or unfair and oppressive conduct in violation of the Michigan Business Corporations Act, including, *inter alia*, sections 450.1489, 1541a, and 1545a.

79.   In their positions as fiduciaries, officers, directors and majority shareholders of GLM, Defendant had a duty to act faithfully for the shareholders of GLM and GLM in all respects.

80.   However, by the above described conduct, Defendant has violated his duties.

81.   Defendants' conduct is and has been wanton, willful, and malicious, and Plaintiff is therefore entitled to exemplary damages.

**RESERVED AS TO DERIVATIVE CLAIMS PENDING DEMAND:**
**COUNT III – USURPATION OF CORPORATE OPPORTUNITIES**

*Brought derivatively on behalf of GLM, as to Mark Perpich and Maple Industrial Park*

82.　　Plaintiff realleges and incorporates all allegations as set forth herein.

83.　　By virtue of the transactions that Defendant, in his capacity as controlling shareholder and/or director and officer of GLM, caused to occur between GLM and other companies, Defendants have usurped corporate opportunities of GLM.

84.　　Specifically, and among other things, Defendant, through his company, Maple Industrial Park, purchased the property upon which GLM is located, and subsequently caused GLM to sign a lease the for property.

85.　　GLM could have purchased that property for itself, but instead, it must now pay rent to the Defendant.

86.　　Defendant has misappropriated this corporate opportunity, among others, from GLM.

87.　　Defendant has also failed to disclose such corporate opportunities to GLM, in a flagrant breach of their fiduciary duties, thereby preventing GLM's disinterested directors from considering whether to pursue such opportunities.

88.　　Yet, in violation of their fiduciary duties, and in violation of MCL 450.1545a, Defendant has caused such opportunities to be usurped by himself or other businesses in which he has a financial interest.

89.　　Accordingly, Defendant has diverted corporate opportunities from GLM to other companies.

90.     As a result of the above described conduct, GLM has incurred significant damages.

91.     Defendant's conduct is and has been at all times wilful, wanton and malicious, and Plaintiff is therefore entitled to exemplary damages, and, in these respects, Defendant has at all times acted with fraudulent intent, in bad faith, with willful neglect, and by abusing his discretion.

**RESERVED AS TO DERIVATIVE CLAIMS PENDING DEMAND:**
**COUNT IV – INTERESTED**
**TRANSACTIONS IN VIOLATION OF MCL 450.1545a**

*Brought derivatively on behalf of GLM, as to Mark Perpich and Maple Industrial Park*

92.     Plaintiff realleges and incorporates all allegations as set forth herein.

93.     As set forth above, Defendant, in his capacity as controlling shareholder and/or director and officer of GLM, has caused GLM to enter into unfair and undisclosed transactions between GLM and businesses in which he owns outright and/or in which he has a controlling interest.

94.     Without disclosure to, or approval or ratification from, any disinterested directors or the minority shareholders of GLM, Defendant has entered into transactions with GLM that benefit himself, at the expense of GLM.

95.     Specifically, without any of the disclosure required by law, or approval from disinterested shareholders or directors Defendant has caused GLM to enter into transactions with companies that he owns, or in which he has a controlling interest.

96.     For example, Defendant has created a business to purchase and subsequently lease property to GLM, although GLM could have purchased that property itself.

97.     This transaction, as well as all of the other transactions between GLM and his other companies, are unfair to GLM, and have caused millions of dollars a year to be transferred out of GLM and into other businesses, without approval from, or disclosure to, any disinterested persons associated with GLM, and without any disinterested review or audits for fairness of the transactions.

98.     The Defendant is, and has been, on both sides of each and every one of the transactions between GLM and his other companies and has benefited himself at the expense of GLM.

99.     As a result of the above conduct, GLM has incurred significant damages.

100.    Defendant's conduct is and has been at all times willful, wanton and malicious, and Plaintiffs are therefore entitled to exemplary damages, and, in these respects, Defendants have at all times acted with fraudulent intent, in bad faith, with willful neglect, and by abusing their discretion.

### RESERVED AS TO DERIVATIVE CLAIMS PENDING DEMAND: COUNT V – FRAUD, FRAUDULENT OMISSION, AND SILENT FRAUD

*Brought directly on behalf of Plaintiff, and derivatively*
*on behalf of GLM, as to Mark Perpich and Maple Industrial Park*

101.    Plaintiff realleges and incorporates all allegations as set forth herein.

102.    Defendant committed, and aided and abetted each other in committing, fraud against Plaintiff.

18

103.   Defendant, on behalf of himself and on behalf of his companies, falsely and intentionally represented to Plaintiff the following matters, among others:

a.   Defendants misrepresented and/or concealed the monies that they were causing GLM to pay to his other companies;

b.   Defendants misrepresented and/or concealed the fees and charges, that they were causing GLM to pay, as well as the bases therefore

c.   Defendants concealed the nature of the relationships between GLM and his other businesses.

104.   The representations of Defendant were false, and the matters concealed were material to Plaintiff.

105.   Plaintiff reasonably relied on such representations and concealments.

106.   As a proximate cause of Defendants' fraud and fraudulent concealment, Plaintiff was damaged.

107.   Defendant's conduct is and has been at all times willful, wanton and malicious, and Plaintiff is therefore entitled to exemplary damages, and Defendant has acted with willful neglect of his duties, abused his discretion, and acted in bad faith.

**RESERVED AS TO DERIVATIVE CLAIMS PENDING DEMAND:**
**CONT VI – CONSTRUCTIVE FRAUD**

*Brought directly on behalf of Plaintiffs, and derivatively*
*on behalf of GLM, as to Mark Perpich and Maple Industrial Park*

108.   Plaintiff realleges and incorporates all allegations as set forth herein.

109.   Defendant made various misrepresentations to Plaintiff that amount to a constructive fraud.

110.   Among other things, Defendant represented to Plaintiff the following:

a.   Defendants misrepresented and/or concealed the monies that they were causing GLM to pay to Maple Industrial Park and other companies;

b.   Defendants concealed the nature of the relationships between GLM and his other businesses, including the amounts of money that were being transferred to these other businesses and the amounts that the Defendant, fiduciaries of GLM and the Plaintiff, was receiving.

111.   The representations of Defendants listed above were false, and the concealments are material.

112.   Plaintiff reasonably relied on such representations and concealments.

113.   Even if Defendants did not have the purposeful design to defraud Plaintiff, his statements and omissions were nonetheless misrepresentations that had the actual effect of deceiving Plaintiffs.  Therefore, Defendants is liable for constructive fraud.

114.   As a proximate result of Defendants' constructive fraud, Plaintiffs were damaged.

115.   Defendants' conduct is and has been at all times wilful, wanton and malicious, and Plaintiffs are therefore entitled to exemplary damages.

**RESERVED AS TO DERIVATIVE CLAIMS PENDING DEMAND:
COUNT VII – AIDING AND ABETTING MINORITY
OPPRESSION, FRAUD, CONVERSION AND BREACH OF FIDUCIARY DUTY**

*Brought derivatively on behalf of GLM and also directly on behalf of the Plaintiff as to Mark Perpich and Maple Industrial Park*

116.   Plaintiff realleges and incorporates all allegations as set forth herein.

117.   As stated, Defendants at all times stood in a fiduciary position to Plaintiff.

118.   All Defendants participated in the others' breaches of fiduciary duties and aided and abetted one another in breaching their other unlawful conduct.

119.   Plaintiffs incurred substantial damages as a result of Defendants' conduct in this regard.

120.   Defendants' conduct is and has at all times been willful, wanton and malicious, and Plaintiffs are therefore entitled to exemplary damages.

## RESERVED AS TO DERIVATIVE CLAIMS PENDING DEMAND:
## COUNT VIII – UNJUST ENRICHMENT

*Brought derivatively on behalf of GLM and also directly on behalf of the Plaintiff as to Mark Perpich and Maple Industrial Park*

121.   Plaintiffs reallege and incorporate all allegations as set forth herein.

122.   Defendants were unjustly enriched by the wrongful actions described herein, including, *inter alia*, charging GLM improper fees, intentionally diverting GLM's profits and assets, usurping GLM's corporate opportunities, and causing GLM to enter into unfavorable transactions.

123.   It is unjust to allow Defendants to retain these benefits and monies received from GLM.

124.   Plaintiff has incurred substantial damages as a result of Defendants' conduct in this regard.

125.   Defendants have therefore been unjustly enriched and Plaintiffs are entitled to quantum meruit recovery.

**RESERVED AS TO DERIVATIVE CLAIMS PENDING DEMAND:**
**COUNT IX – IMPOSITION OF CONSTRUCTIVE TRUST**

*Brought derivatively on behalf of GLM and also directly on behalf of the Plaintiff, as to Mark Perpich and Maple Industrial Park*

126.    Plaintiffs reallege and incorporate all allegations as set forth herein.

127.    Defendant Mark Perpich, as officer, director of GLM, is a fiduciary and is required to place GLM's interests before his own interests.

128.    Defendant is a fiduciary with respect to Plaintiff, and as such is precluded from acting to benefit himself at Plaintiff's expense.

129.    Defendant has acted to enrich himself at GLM's expense, as is described herein, and it would be inequitable to allow the Defendant to retain the financial benefits of his improper conduct.

130.    Defendant employed other companies as a means to improperly funnel monies away from GLM and into his own pocket.

131.    Defendant has acted to deny Plaintiff the benefit of his shareholding interest in GLM and to funnel significant sums to themselves at Plaintiffs' expense.  It would likewise be inequitable to allow Defendant to retain the benefits of his fraudulent and other misconduct.

132.    It would be unconscionable for Defendant to retain profits that were derived to the detriment of GLM and Plaintiff.

133.    Equity requires the imposition of a constructive trust over all profits that Defendant and his companies derived from their fraudulent and other misconduct in relation to GLM.

**RESERVED AS TO DERIVATIVE CLAIMS PENDING DEMAND:**
**COUNT X – STATUTORY AND COMMON LAW CONVERSION**

*Brought derivatively on behalf of GLM and also directly on behalf of the Plaintiff*
*as to Mark Perpich and Maple Industrial Park*

134.   Plaintiff realleges and incorporates all allegations as set forth herein.

135.   As described in detail above, Defendant has engaged in a scheme of fraud with the intent to misappropriate and retain monies and possibly other assets belonging to GLM.

136.   In addition, Defendant converted the business interests of GLM by using Maple Industrial Park to purchase real property for the purpose of charging rent to GLM.

137.   Defendant thus knowingly, willfully, and intentionally stole, embezzled, concealed, and/or converted GLM's property and unlawfully retained it for his own use.

138.   Defendant has wrongfully exerted domain over GLM's property in denial of or inconsistent with the rights therein of GLM.

139.   At all times, Defendant knew that the monies that he misappropriated from GLM were stolen, embezzled, or converted, and yet they retained them or aided in others retaining them for their own benefit.

140.   At all times, Defendants' conduct was wanton, wilful and malicious, and Plaintiff is entitled to exemplary damages.

141.   Plaintiff has incurred damages as a result of Defendants' conversions.

142.   In accordance with the provisions of MCLA § 600.2919a, Plaintiff is entitled to three times the amount of his actual damages sustained, plus costs and reasonable attorney's fees.

23

## COUNT XI – ACCOUNTING

143.    Plaintiffs reallege and incorporate all allegations as set forth herein.

144.    Defendants are in control and possession of all information relating to the financial wherewithal of GLM.

145.    Under statutory and common law, Plaintiffs are entitled to a full accounting of the profits and losses, and all other matters subject to accounting, of GLM.

## COUNT XII – BREACH OF CONTRACT

146.    Plaintiffs reallege and incorporate all allegations as set forth herein.

147.    A valid contract existed between Plaintiff George Perpich, and Defendant Mark Perpich and Defendant GLM.

148.    Pursuant to the contract, each of the parties agreed to lifetime employment with GLM.

149.    Defendant breached that contract when he terminated Plaintiff's employment with GLM.

150.    Additionally, pursuant to that contract, Plaintiff was entitled to dividends in proportion to his respective ownership interest.

151.    Defendant breached that contract by failing to distribute dividends.

152.    Defendant Mark Perpich had a further contract with Plaintiff whereby he promised that Plaintiff was not responsible for taxes on a number of transactions related to GLM.

153.    Defendant breached that promise and, as a direct and proximate result, Plaintiff has incurred substantial damages and tax liability.

24

154.   Defendant had a further contract with Plaintiff that GLM would provide plaintiff with health insurance and life insurance as a retired employee.

155.   Defendant has breached that promise, and Plaintiff no longer has the benefits he was promised.

WHEREFORE, Plaintiffs respectfully request the following relief:

a.   Compensatory, actual, incidental, consequential, exemplary and other damages to which they are entitled;

b.   The complete disgorgement of all amounts received by Mark Perpich owned and/or controlled companies, and all those aiding and abetting them, as a result of any wrongful conduct, breaches of fiduciary duties and/or business transactions with GLM;

c.   All applicable remedies under MCL § 450.1489;

d.   All applicable remedies under MCL § 450.1101, *et. seq.*;

e.   Prospective and retroactive dividend payments to the Plaintiff,

f.   Treble damages pursuant to MCLA § 600.2919a;

g.   Forced repatriation to GLM of all monies received by Mark Perpich from any GLM interested transaction;

h.   Recoupment of all sums ill-gotten by Defendants;

i.   Disgorgement of all salaries, bonuses and other monies received by Defendant from GLM;

j.   Equitable, common law, and statutory interest;

k.   Repayment to GLM by Mark Perpich of all sums GLM and Mechanical, Piping and Plumbing has paid on their behalf in attorney fees.

l.   A constructive trust over all amounts wrongfully obtained by defendants;

m.   Attorney's fees, costs, and pre- and post-filing interest including equitable interest;

25

n.    Expenses and attorney's fees under MCL 450.1497;

o.    An accounting;

p.    Repurchase of Plaintiffs' shares in GLM through forced buyout by Defendants at fair market value and without any minority discount;

q.    Damages in the form of lost enterprise or potential corporate value;

r.    The immediate termination of all improper and unauthorized transactions between GLM and Maple Industrial Park,

s.    Reinstatement of the Plaintiff's health insurance and life insurance;

t.    Appointment of a receiver or a special master to ensure that GLM is managed for the benefit of all shareholders rather than for the sole benefit of the Defendant; and

u.    Any other appropriate legal, equitable, and injunctive relief.


Respectfully Submitted,

**MANTESE HONIGMAN**
**ROSSMAN AND WILLIAMSON, P.C.**
Attorneys for Plaintiff


By:    s/Gerard Mantese
       Gerard Mantese (P34424)
       gmantese@manteselaw.com
       Mark C. Rossman (P63034)
       mrossman@manteselaw.com
       1361 E. Big Beaver Road
       Troy, MI 48083
       (248) 457-9200

Dated:  July 14, 2011

26

## JURY DEMAND

Plaintiff hereby requests trial by jury.

Respectfully Submitted,

**MANTESE HONIGMAN
ROSSMAN AND WILLIAMSON, P.C.**
Attorneys for Plaintiff

By:  s/Gerard Mantese_____
Gerard Mantese (P34424)
gmantese@manteselaw.com
Mark C. Rossman (P63034)
mrossman@manteslaw.com
1361 E. Big Beaver Road
Troy, MI 48083
(248) 457-9200

Date:  July 14, 2011